UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON BLESSING, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>PLEX SYSTEMS, INC., et al.,<br><br>  Defendants. | Case No. 21-cv-05951-PJH<br><br>**ORDER RE DISCOVERY LETTER BRIEF**<br><br>Re: Dkt. No. 83 |

Before the court is a discovery letter brief filed by the parties in the above-captioned case. See Dkt. 83. In the letter, the parties explain that they have agreed on most issues regarding their document production, but that one matter remains unresolved. See id. at 2. Specifically, defendants request that plaintiffs run certain search terms on their personal email accounts from two time periods in 2017 and 2018, and plaintiffs object to searching and producing responsive documents captured by the search terms. See id.

This securities case arises out of a tender offer made by defendants to its shareholders (including plaintiffs) in March-April 2021. See Dkt. 56 at 2. Defendants are former executives of defendant Plex, and allege in this suit that defendants made material misrepresentations regarding Plex's value and acquisition potential in connection with the tender offer in 2021. Id. at 2-4.

Defendants seek plaintiffs' emails from two time periods in 2017 in 2018, arguing that they represent time periods when plaintiff Blessing left Plex and joined another company, and thus are the "time periods when it is most likely that plaintiffs made

statements about their views of Plex and their sophistication." See Dkt. 83 at 2.

Defendants argue that the requested documents are relevant to the elements of reliance and scienter. See Dkt. 83 at 2-3. Specifically, defendants argue that the emails will show Blessing's views on: (1) "his performance as the CEO of Plex," (2) "what he perceived as the growth in Plex's enterprise value and future prospects," and (3) "his experience in navigating significant corporate transactions, such as either partnerships or acquisitions." Id. at 3.

Defendants search terms include the word "Plex," as well as terms related to recruiters and executive placement, and Francisco Partners, the private firm that owned Plex. See Dkt. 83 at 2.

Plaintiffs argue that the requested emails have no conceivable bearing on this case because they request information from 2017 and 2018, while this case arises out of the time period of the tender offer in March and April 2021. See Dkt. 83 at 5. Plaintiffs call attention to the fact that, in defendants' own discovery responses, they stated that "plaintiffs' complaint alleges no relevant conduct prior to January 2020." Id. Plaintiffs emphasize that "nothing Blessing could have said in 2017 would bear on his understanding of whether Plex might be in the midst of merger negotiations in March 2021." Id. at 6.

The court concludes that defendants have not met their burden to show entitlement to the email searches that it requests from plaintiffs. As an initial matter, the court notes that the substance of defendants' argument is limited to defendant Blessing. As to defendant Rayani, defendants offer only one statement that "Rayani followed Blessing to Model N from Plex," and make no showing as to why Rayani's emails during the requested time periods would be likely to contain relevant information.

More broadly, defendants have not shown why emails from 2017 and 2018 would have any bearing on plaintiffs' state of mind in 2021, at the time of the tender offer. Simply put, the requested time periods are too far removed in time to be relevant.

Accordingly, due to the lack of any demonstrated connection between plaintiffs'

emails in 2017-18 and the tender offer in 2021, defendants' request for discovery is DENIED.

**IT IS SO ORDERED.**

Dated:  May 3, 2022

                                                /s/ *Phyllis J. Hamilton*
PHYLLIS J. HAMILTON
United States District Judge